*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0247p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

WESTSIDE MOTHERS; FAMILIES ON THE MOVE, INC.;
MICHIGAN CHAPTER, AMERICAN ACADEMY OF
PEDIATRICS; MICHIGAN CHAPTER, AMERICAN
ASSOCIATION OF PEDIATRIC DENTISTS; K.E., by her
next friend Tina E.; JA. E., by her next friend Deana
H.; JE. E., by her next friend, Deana H.; J.C., by his
next friend, Monica C.; and J.T., by his next friend,
Veda T.,

> *Plaintiffs-Appellants,*

No. 05-1669

*v.*

JANET OLSZEWSKI, in her official capacity as
Director of the State of Michigan Department of
Community Health; and PAUL REINHART, in his
official capacity as Deputy Director of the State of
Michigan Medical Services Administration,

> *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-73442—Robert H. Cleland, District Judge.

Argued: March 9, 2006

Decided and Filed: July 17, 2006

Before: BOGGS, Chief Judge; MERRITT and MOORE, Circuit Judges.

---

## COUNSEL

**ARGUED:** Jennifer R. Clarke, PUBLIC INTEREST LAW CENTER OF PHILADELPHIA, Philadelphia, Pennsylvania, for Appellants. Morris J. Klau, STATE OF MICHIGAN, DEPARTMENT OF ATTORNEY GENERAL, Detroit, Michigan, for Appellees. **ON BRIEF:** Jennifer R. Clarke, PUBLIC INTEREST LAW CENTER OF PHILADELPHIA, Philadelphia, Pennsylvania, Arnon D. Siegel, Laura E. Robbins, DECHERT LLP, Washington, D.C., for Appellants. Morris J. Klau, Luttrell D. Levingston, STATE OF MICHIGAN, DEPARTMENT OF ATTORNEY GENERAL, Detroit, Michigan, for Appellees.

---

**OPINION**

---

MERRITT, Circuit Judge. This suit filed under 42 U.S.C. § 1983 alleges that the State of Michigan has failed to provide services required by the Medicaid program. Plaintiffs, Westside Mothers, other advocacy and professional organizations, and five named individuals, allege that Janet Olszewski, director of the Michigan Department of Community Health, and Paul Reinhart, deputy director of the Michigan Medical Services Administration, did not provide the early and periodic screening, diagnosis, and treatment ("EPSDT") services mandated by the Medicaid Act.

The Medicaid program, created in 1965 when Congress added Title XIX to the Social Security Act, provides federal financial assistance to States that choose to reimburse certain costs of medical treatment for the poor, elderly, and disabled. *See* 42 U.S.C. § 1396 *et seq.* (2000 & Supp. 2005); *Harris v. McRae*, 448 U.S. 297, 301 (1980). "Although participation in the program is voluntary, participating States must comply with certain requirements imposed by the Act and regulations promulgated by the Secretary of Health and Human Services." *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 502 (1990). At issue here is the requirement that participating States provide "early and periodic screening, diagnostic, and treatment services . . . for individuals who are eligible under the plan and are under the age of 21." 42 U.S.C. § 1396d(a)(4)(B); *see also* 42 U.S.C. § 1396d(r) (defining such services). The required services include periodic physical examinations, immunizations, laboratory tests, health education, *see* § 1396d(r)(1), eye examinations, eyeglasses, *see* § 1396d(r)(2), teeth maintenance, *see* § 1396d(r)(3), diagnosis and treatment of hearing disorders, and hearing aids, *see* § 1396d(r)(4).

In 1999, plaintiffs filed a civil action pursuant to 42 U.S.C. § 1983, which creates a cause of action against any person who under color of state law deprives an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. They alleged that the defendants had refused or failed to implement the Medicaid Act, its enabling regulations, and its policy requirements by: (1) refusing to provide, and not requiring participating HMOs to provide, the comprehensive examinations required by 42 U.S.C. §§ 1396a(a)(43), 1396d(r)(1) and 42 C.F.R. § 441.57; (2) not requiring participating HMOs to provide the necessary health care, diagnostic services, and treatment required by 42 U.S.C. § 1396d(r)(5); (3) not effectively informing plaintiffs of the existence of the screening and treatment services, as required by 42 U.S.C. § 1396a(a)(43); (4) failing to provide plaintiffs the transportation and scheduling help needed to take advantage of the screening and treatment services, as required by 42 U.S.C. § 1396a(a)(43)(B) and 42 C.F.R. § 441.62; and (5) developing a Medicaid program that lacks the capacity to deliver to eligible children the care required by 42 U.S.C. §§ 1396a(a)(8), 1396a(a)(30)(A), and 1396u-2(b)(5). (J.A. at 40-48.)

In March 2001 the district court granted defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Westside Mothers v. Haveman*, 133 F. Supp. 2d 549 (E.D. Mich. 2001). In a detailed and far-reaching opinion, the district court held that Medicaid was only a contract between a State and the federal government, that spending-power programs such as Medicaid were not supreme law of the land, that the court lacked jurisdiction over the case because Michigan was the "real defendant, and therefore possess[ed] sovereign immunity against suit," *id.* at 553, that in this case *Ex parte Young*, 209 U.S. 123 (1908), was unavailable to circumvent the State's sovereign immunity, and that even if it were available § 1983 does not create a cause of action available to plaintiffs to enforce the provisions in question.

Plaintiffs appealed and, in an opinion dated May 15, 2002, a unanimous panel of the Sixth Circuit reversed all of these rulings. *See Westside Mothers v. Haveman* ("*Westside Mothers I*"), 289

F.3d 852 (6th Cir. 2002). Although our earlier decision focused predominantly on the jurisdictional grounds for the district court's dismissal, we also considered "[w]hether there is a private right of action under § 1983" for alleged noncompliance with the Medicaid Act. *Id.* at 862-63. We held that the "district court erred when it did not apply [the test set out in *Blessing v. Freestone*, 520 U.S. 329 (1997),] to evaluate plaintiffs' claims." *Id.* at 863. We then applied the *Blessing* test to determine whether the screening and treatment provisions of the Medicaid Act create a right privately enforceable against state officers through § 1983:

> First, the provisions were clearly intended to benefit the putative plaintiffs, children who are eligible for the screening and treatment services. *See* 42 U.S.C. § 1396a(a)(10)(A). "[I]t is well-settled that Medicaid-eligible children under the age of twenty-one . . . are the intended beneficiaries of the [screening and treatment] provisions." *Dajour B. v. City of New York*, 2001 WL 830674, at *8 (S.D.N.Y. July 23, 2001); *accord Miller v. Whitburn*, 10 F.3d 1315, 1319 (7th Cir. 1993). We have found no federal appellate cases to the contrary. Second, the provisions set a binding obligation on Michigan. They are couched in mandatory rather than precatory language, stating that Medicaid services "*shall* be furnished" to eligible children, 42 U.S.C. § 1396a(a)(8) (emphasis added), and that the screening and treatment provisions "*must* be provided," *id.* § 1396a(a)(10)(A), *see also* 42 C.F.R. § 441.56 (mandatory language). Third, the provisions are not so vague and amorphous as to defeat judicial enforcement, as the statute and regulations carefully detail the specific services to be provided. *See* 42 U.S.C. § 1396d(r). Finally, Congress did not explicitly foreclose recourse to § 1983 in this instance, nor has it established any remedial scheme sufficiently comprehensive to supplant § 1983. *See Blessing*, 520 U.S. at 346-47, 117 S. Ct. 1353.
>
> Plaintiffs have a cause of action under § 1983 for alleged noncompliance with the screening and treatment provisions of the Medicaid Act.

*Id.*

On remand, the district court granted in part and denied in part the defendants' second motion to dismiss pursuant to Rule 12(b)(6). In light of the Supreme Court's decision in *Gonzaga University v. Doe*, 536 U.S. 273 (2002), the district court reconsidered whether the specific provisions of the Medicaid Act that plaintiffs identified in their amended complaint create enforceable rights under § 1983. The district court concluded that 42 U.S.C. §§ 1396a(a)(8), 1396a(a)(10) create enforceable rights under § 1983, but that plaintiffs failed to state a claim that defendants had not discharged their obligations to provide medical assistance under §§ 1396a(a)(8), 1396a(a)(10). The district court further concluded that § 1396a(a)(43) creates enforceable rights under § 1983, that plaintiffs stated a cause of action for violations of § 1396a(a)(43)(B) to the extent that they alleged that the state of Michigan has a policy or practice of not providing the EPSDT services to eligible children who have requested them, but that plaintiffs failed to state a claim for violations of § 1396a(a)(43)(A). The district court also dismissed plaintiffs' claim for violations of § 1396a(a)(30) for failure to state a claim, reasoning that § 1396a(a)(30) "does not unambiguously confer individual rights enforceable under § 1983." (J.A. at 525.)

This appeal followed. For the reasons set forth below, we reverse in part and affirm in part but modify the district court's order.

## I. Standard of Review

We review de novo a district court's dismissal of claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 451 (6th Cir. 2003). In deciding whether to grant a Rule 12(b)(6) motion, we "must construe the complaint in the light most

favorable to the plaintiff, accept all factual allegations [of the plaintiff] as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Id.* at 451-52. Our function is not to weigh the evidence or assess the credibility of witnesses, *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997), but rather to examine the complaint and determine whether the plaintiff has pleaded a cognizable claim, *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Marks*, 342 F.3d at 452 (quoting *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994)).

## II. Discussion

### A.

As a preliminary matter, we must consider whether our determination in *Westside Mothers I* that "[p]laintiffs have a cause of action under § 1983 for alleged noncompliance with the screening and treatment provisions of the Medicaid Act," *Westside Mothers I*, 289 F.3d at 863, was binding on the district court under the law of the case doctrine. On appeal, plaintiffs argue that the district court's reconsideration of whether the screening and treatment provisions of the Medicaid Act create enforceable rights under § 1983 was barred by the law of the case doctrine, and the district court therefore had "no power or authority to deviate" from our earlier decision in this case.

The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The doctrine precludes a court from reconsideration of issues "decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.*, 865 F.2d 761, 766 (6th Cir. 1989)). Pursuant to the law of the case doctrine, and the complementary "mandate rule," upon remand the trial court is bound to "proceed in accordance with the mandate and law of the case as established by the appellate court." *Id.* (quoting *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir.), *cert. denied*, 414 U.S. 859 (1973)). The trial court is required to "implement both the letter and the spirit" of the appellate court's mandate, "taking into account the appellate court's opinion and the circumstances it embraces." *Brunet v. City of Columbus*, 58 F.3d 251, 254 (6th Cir. 1995).

The law of the case doctrine precludes reconsideration of a previously decided issue unless one of three "exceptional circumstances" exists: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice. *Hanover Ins. Co.,* 105 F.3d at 312. None of these "exceptional circumstances" are present which would permit the district court to reconsider whether the provisions in question create enforceable rights under § 1983.

However, the district court reasoned that the law of the case doctrine did not preclude it from reconsidering whether specific provisions of the Medicaid Act create enforceable rights under § 1983 because our earlier decision in *Westside Mothers I* did not decide this issue as to each specific statutory provision identified in the amended complaint. In support of the district court's decision, defendants contend that our failure to explicitly decide whether 42 U.S.C. §§ 1396a(a)(8), 1396a(a)(10), 1396a(a)(30), 1396a(a)(43) confer enforceable rights left the matter open for review by the district court. As the district court recognized, the law of the case doctrine is limited to those issues decided in the earlier appeal, and the district court may therefore consider those issues not decided expressly or impliedly by the appellate court. *See Hanover Ins. Co.*, 105 F.3d at 312. Thus,

we must determine whether we expressly or impliedly decided in plaintiffs' first appeal whether §§ 1396a(a)(8), 1396a(a)(10), 1396a(a)(30), 1396a(a)(43) create rights enforceable under § 1983.

In *Westside Mothers I*, we identified a specific issue, i.e., "whether there is a private right of action under § 1983." 289 F.3d at 862. We held that the district court erred in failing to consider this issue within the framework established by the Supreme Court in *Blessing*. *Id.* at 863. Applying the *Blessing* test, we then concluded that "[p]laintiffs have a cause of action under § 1983 for alleged noncompliance with the screening and treatment provisions of the Medicaid Act." *Id.* In reaching this conclusion, we determined that the "provisions" were "clearly intended to benefit the putative plaintiffs," impose "a binding obligation on Michigan," and are "not so vague and amorphous as to defeat judicial enforcement." *Id.*

Because the holding refers generally to the "screening and treatment provisions," the opinion in *Westside Mothers I* creates considerable ambiguity as to whether the prior panel applied the *Blessing* test to each of the statutory provisions identified in the plaintiffs' amended complaint. There is therefore no assurance that the panel considered whether the specified provisions of the Medicaid Act confer enforceable rights under § 1983 before holding that the plaintiffs have a cause of action under § 1983. Where there is substantial doubt as to whether a prior panel actually decided an issue, the district court should not be foreclosed from considering the issue on remand. *See United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 398 (3d Cir. 2003). Accordingly, we conclude that the law of the case doctrine does not apply and that our earlier decision in this case did not foreclose the district court's consideration of whether plaintiffs have a right of action under § 1983 to enforce violations of §§ 1396a(a)(8), 1396a(a)(10), 1396(a)(30), 1396a(a)(43).

**B.**

The district court ruled that plaintiffs failed to state a claim for violations of 42 U.S.C. §§ 1396a(a)(8), 1396a(a)(10) "to the extent that they alleged failure by Defendants in their official capacity to ensure the actual provision of, or arrangement for, medical services."[1] (J.A. at 529.) In so ruling, the district court concluded that §§ 1396a(a)(8), 1396a(a)(10) require the State to pay some or all of the costs of certain medical services available to eligible individuals, but do not require the State to provide the services directly. (J.A. at 509.) Before the district court and in their briefs before this court, plaintiffs argued that §§ 1396a(a)(8), 1396a(a)(10) mandate the actual provision of, or arrangement for, certain medical services, including care, medicine, and equipment. Thus, the issue presented by this claim is whether the individual rights to "medical assistance" created by these provisions imposes an obligation on the State to provide services directly.

---

[1] Section 1396a(a)(8) provides in relevant part:

A State plan for medical assistance must . . . provide that all individuals wishing to make application for *medical assistance* under the plan shall have opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals. . . .

42 U.S.C. § 1396a(a)(8) (emphasis added).

Section 1396a(a)(10) states in relevant part:

A State plan for medical assistance must . . . provide for making *medical assistance* available, including at least the care and services listed in paragraphs (1) through (5), (17) and (21) of section 1396d(a) of this title to all [eligible] individuals. . . .

42 U.S.C. § 1396a(a)(10)(A) (emphasis added).

There appears to be some disagreement among the courts of appeals as to whether, pursuant to the Medicaid Act, a State must merely provide financial assistance to eligible individuals to enable them to obtain covered services, or provide the services directly. *See Sabree v. Richman*, 367 F.3d 180, 181 n.1 (3d Cir. 2004); *Bruggeman v. Blagojevich*, 324 F.3d 906, 910 (7th Cir. 2003) ("[T]he statutory reference to 'assistance' appears to have reference to *financial* assistance rather than to actual medical *services*, though the distinction was missed in *Bryson v. Shumway*, 308 F.3d 79, 81, 88-89 (1st Cir. 2002), and *Doe v. Chiles*, 136 F.3d 709, 714, 717 (11th Cir. 1998)."). However, the Medicaid Act explicitly defines the term "medical assistance" as used in §§ 1396a(a)(8), 1396a(a)(10). "Medical assistance" means "payment of part or all of the cost of the [enumerated] services" to eligible individuals "who are under the age of 21." 42 U.S.C. § 1396d(a); *see Schott v. Olszewski*, 401 F.3d 682, 686 (6th Cir. 2005) ("The Act defines 'medical assistance' as 'payment of part or all of the cost of the [covered] care and services . . . for individuals.'").

Plaintiffs nevertheless contend that the language of §§ 1396a(a)(8), 1396a(a)(10) expands the definition of "medical assistance" beyond simply payment for services to include actual provision of services. After examining the text and the structure of the statute, we do not believe §§ 1396a(a)(8), 1396a(a)(10) require the State to provide medical services directly. The most reasonable interpretation of § 1396a(a)(8) is that all eligible individuals should have the opportunity to apply for medical assistance, i.e., financial assistance, and that such medical assistance, i.e., financial assistance, shall be provided to the individual with reasonable promptness. The most reasonable interpretation of § 1396a(a)(10) is that medical assistance, i.e., financial assistance, must be provided for at least the care and services listed in paragraphs (1) through (5), (17) and (21) of § 1396d(a). *See Clark v. Richman*, 339 F. Supp. 2d 631, 641 (M.D. Pa. 2004). The regulations that implement these provisions also indicate that what is required is a prompt determination of eligibility and a prompt payment to eligible individuals to enable them to obtain the necessary medical services. *See* 42 C.F.R. §§ 435.911, 435.930.

At oral argument, plaintiffs asserted that the payments were insufficient to enlist an adequate number of providers, which effectively frustrates §§ 1396a(a)(8), 1396a(a)(10) by foreclosing the opportunity for eligible individuals to receive the covered medical services. They now argue, for example, that they want to show that such payments are so inadequate in the Upper Peninsula of Michigan that there are no available providers. *See Health Care for All, Inc. v. Romney*, 2005 WL 1660677, at *10-11 (D. Mass. July 14, 2005) ("Setting reimbursement levels so low that private dentists cannot afford to treat Medicaid enrollees effectively frustrates [§ 1396a(a)(8)] by foreclosing the opportunity for enrollees to receive medical assistance at all, much less in a timely manner."); *Okla. Chapter of Am. Acad. of Pediatrics v. Fogarty*, 366 F. Supp. 2d 1050, 1109 (N.D. Okla. 2005) (finding a violation of § 1396a(a)(8) and reasoning that "[w]ithout financial assistance (provider reimbursement) sufficient to attract an adequate number of providers, reasonably prompt assistance is effectively denied"); *Sobky v. Smoley*, 855 F. Supp. 1123 (E.D. Cal. 1994) (holding defendants liable for failure to comply with § 1396a(a)(8) where "insufficient funding . . . has caused providers of methadone maintenance to place eligible individuals on waiting lists for treatment"). Plaintiffs did not raise this argument in the amended complaint, before the district court, or in their briefs before this court. Because this appeal is from a dismissal for failure to state a claim, we are concerned with the sufficiency of the complaint, which does not contain this allegation. We therefore affirm the district court's dismissal of the claim for violations of §§ 1396a(a)(8), 1396a(a)(10). However, because plaintiffs may be able to amend the complaint to allege that inadequate payments effectively deny the right to "medical assistance," we modify the district court's order to reflect a dismissal without prejudice to the filing of a motion to amend along with a proposed amendment to the complaint.

## C.

Plaintiffs allege that defendants have developed a Medicaid program that does not provide access to eligible children to the care and services available under the plan, in violation of 42 U.S.C. § 1396a(a)(30). That provision requires a State plan for medical assistance to:

> [P]rovide such methods and procedures relating to the utilization of, and the payment for, care and services available under the plan . . . as may be necessary to safeguard against unnecessary utilization of such care and services and to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area. . . .

42 U.S.C. § 1396a(a)(30)(A). The district court held that § 1396a(a)(30) "does not unambiguously confer individual rights enforceable under § 1983" and that plaintiffs therefore failed to state a claim for violations of § 1396a(a)(30). (J.A. at 525.)

Section 1983 provides a cause of action against State officials for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" but does not provide a mechanism through which citizens can enforce federal law generally. 42 U.S.C. § 1983. Instead, it provides redress only for a plaintiff who asserts a "violation of a federal *right*, not merely a violation of federal *law*." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997); *see also Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990).

In *Blessing v. Freestone*, the Supreme Court set forth three requirements for establishing that a federal statute confers rights enforceable by § 1983:

> First, Congress must have intended that the provision in question benefit the plaintiff. Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so "vague and amorphous" that its enforcement would strain judicial competence. Third, the statute must unambiguously impose a binding obligation on the States. In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms.

520 U.S. at 340-41 (citations omitted). In *Gonzaga University v. Doe*, the Supreme Court acknowledged the continuing relevance of the *Blessing* test to "guide judicial inquiry into whether or not a statute confers a right." 536 U.S. 273, 282 (2002); *see ASW v. Oregon*, 424 F.3d 970, 975 n.6 (9th Cir. 2005). The Court then clarified the first of *Blessing*'s three requirements, making clear that only unambiguously conferred rights, as distinguished from mere benefits or interests, are enforceable under § 1983. *Gonzaga*, 536 U.S. at 282-83. The appropriate inquiry, therefore, is "whether or not Congress intended to confer individual rights upon a class of beneficiaries." *Id.* at 285. Critical to this inquiry is whether the pertinent statute contains "rights-creating" language that reveals congressional intent to create an individually enforceable right. *Id.* at 287.

Prior to *Gonzaga*, the circuits were split on the question of whether § 1396a(a)(30) provides Medicaid recipients or providers with a right enforceable under § 1983. The Fifth and Eighth Circuits each held that Medicaid recipients have a private right of action under § 1396a(a)(30). *See Evergreen Presbyterian Ministries Inc. v. Hood*, 235 F.3d 908, 927-28 (5th Cir. 2000); *Ark. Med. Soc'y, Inc. v. Reynolds*, 6 F.3d 519, 528 (8th Cir. 1993); *cf. Pa. Pharmacists Ass'n v. Houstoun*, 283 F.3d 531, 543-44 (3d Cir. 2002) (en banc) (positing, in dicta, a right for recipients while rejecting such a right for providers); *Visiting Nurse Ass'n v. Bullen*, 93 F.3d 997, 1004 n.7 (1st Cir. 1996) (positing, in dicta, a right for recipients while holding that such a right existed for providers). The First, Seventh, and Eighth Circuits held that a private right of action existed for Medicaid providers.

*See Bullen*, 93 F.3d at 1005; *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1029 (7th Cir. 1996); *Ark. Med. Soc'y*, 6 F.3d at 528. By contrast, the Third and Fifth Circuits explicitly held that § 1396a(a)(30) did not create a right enforceable by Medicaid providers. *See Pa. Pharmacists Ass'n*, 283 F.3d at 543; *Walgreen Co. v. Hood*, 275 F.3d 475, 478 (5th Cir. 2001); *Evergreen Presbyterian Ministries*, 235 F.3d at 929. Since *Gonzaga*, the federal courts of appeals considering whether § 1396a(a)(30) provides Medicaid recipients or providers with a right enforceable under § 1983 have also come to conflicting conclusions. *Compare Long Term Pharmacy Alliance v. Ferguson*, 362 F.3d 50, 59 (1st Cir. 2004) (holding that Medicaid providers do not have a private right of action under § 1396a(a)(30)), *and Sanchez v. Johnson*, 416 F.3d 1051, 1062 (9th Cir. 2005) (concluding that § 1396a(a)(30) does not unambiguously manifest congressional intent to create individual rights), *with Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs.*, 443 F.3d 1005, 1015-16 (8th Cir. 2006) (holding that § 1396a(a)(30) is enforceable by Medicaid recipients and providers through a § 1983 private cause of action).

After examining the text and structure of § 1396a(a)(30), we agree with the First and Ninth Circuits that § 1396a(a)(30) fails the first prong of the *Blessing* test and does not therefore provide Medicaid recipients or providers with a right enforceable under § 1983. First, § 1396a(a)(30) has an aggregate focus rather than an individual focus that would evince congressional intent to confer an individually enforceable right. *See Gonzaga*, 536 U.S. at 282 (When a "provision focuse[s] on 'the aggregate services provided by the State,' rather than 'the needs of any particular person,' it confer[s] no individual rights and thus [cannot] be enforced by § 1983."); *Sanchez*, 416 F.3d at 1059. The provision speaks, not of individual benefits, but rather of the State's obligation to develop "methods and procedures." *See* § 1396a(a)(30)(A); *Long Term Care Pharmacy Alliance*, 362 F.3d at 57 (noting that "[t]he provision focuses instead upon the state as 'the person regulated rather than individuals protected'"). The only reference in § 1396a(a)(30) to recipients of Medicaid is in the aggregate, as members of "the general population in the geographic area." *See* § 1396a(a)(30)(A). The only reference to Medicaid providers is as indirect beneficiaries "enlisted" as subordinate partners in the administration of Medicaid services. *See* § 1396a(a)(30)(A). Far from focusing on a specific class of beneficiaries, § 1396a(a)(30) "is simply a yardstick for the Secretary to measure the *systemwide* performance of a State's [Medicaid] program." *Blessing*, 520 U.S. at 343.

Second, the "broad and nonspecific," *Gonzaga*, 536 U.S. at 292 (Breyer, J., concurring in the judgment), language of § 1396a(a)(30) is ill-suited to judicial remedy, *see Sanchez*, 416 F.3d at 1060. The provision sets forth general objectives, including "efficiency, economy, and quality of care," but does not identify what standards are required by such terms. *See* § 1396a(a)(30)(A); *Long Term Care Pharmacy Alliance*, 362 F.3d at 58 (noting that "the criteria (avoiding overuse, efficiency, quality of care, geographic equality) are highly general"). The interpretation and balancing of these general objectives "would involve making policy decisions for which this court has little expertise and even less authority." *Sanchez*, 416 F.3d at 1060; *see also Long Term Care Pharmacy Alliance*, 362 F.3d at 58 (noting that the generality of the goals "suggests that plan review by the Secretary is the central means of enforcement intended by Congress"). Furthermore, § 1396a(a)(30) is not confined to particular services; rather, it speaks generally of "methods and procedures." *See* § 1396a(a)(30)(A). Such broad language suggests that § 1396a(a)(30) is "concerned with overall methodology rather than conferring individually enforceable rights on individual Medicaid recipients." *Sanchez*, 416 F.3d at 1059-60.

Because the text of § 1396a(a)(30) does not focus on individual entitlements, nor is the "broad and nonspecific" language of this provision amendable to judicial remedy, we are not persuaded that Congress has, with a clear voice, intended to create an individual right that either Medicaid recipients or providers would be able to enforce under § 1983. Without such unambiguous intent, plaintiffs cannot satisfy the first requirement of the *Blessing* test. We therefore hold that § 1396a(a)(30) does not confer enforceable rights and affirm the district court's dismissal of plaintiffs' § 1396a(a)(30) claim.

## D.

The district court held that plaintiffs failed to state a claim for violations of 42 U.S.C. § 1396a(a)(43)(A) because § 1396a(a)(43)(A) does not require "a participating State to 'effectively' inform all potentially eligible children of the EPSDT services." (J.A. at 527.) Section 1396a(a)(43)(A) requires a State plan for medical assistance to provide for:

> [I]nforming all persons in the State who are under the age of 21 and who have been determined to be eligible for medical assistance including services described in section 1396d(a)(4)(B) of this title, of the availability of early and periodic screening, diagnostic, and treatment services as described in section 1396d(r) of this title and the need for age-appropriate immunizations against vaccine-preventable diseases. . . .

42 U.S.C. § 1396a(a)(43)(A). Implementing regulations obligate States to provide for written and oral methods designed to "effectively" inform all eligible individuals about the EPSDT program. 42 C.F.R. § 441.56(a).

The complaint, read in the light most favorable to the plaintiffs, supports a § 1983 claim for violations of § 1396a(a)(43)(A). In order to establish a § 1983 claim, plaintiff's complaint must allege that (1) the conduct in controversy was committed by a person acting under color of law, and (2) the conduct deprived the plaintiff of a federal right, either constitutional or statutory. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). The amended complaint alleges that defendants "refused or failed to *effectively inform* Plaintiffs and their caretakers of the existence of the Medical Assistance children's healthcare program, the availability of specific child healthcare services, and related assistance." (J.A. at 205.) (Emphasis added.) In concluding that plaintiffs' allegation that defendants failed to "effectively inform" them of the EPSDT services does not state a viable § 1983 claim, the district court ignored the Medicaid Act's implementing regulations, which obligate participating States to "effectively" inform all eligible individuals. *See* 42 C.F.R. § 441.56(a). Plaintiffs have stated a cognizable claim under §1983 for violations of § 1396a(a)(43)(A) and should proceed to discovery for further development of the facts.

## III. Conclusion

For the foregoing reasons, we affirm the district court's judgment of dismissal of the claim for violations of §§ 1396a(a)(8), 1396a(a)(10), but we modify the district court's order to reflect a dismissal without prejudice; affirm the dismissal of the § 1396a(a)(30) claim; reverse the dismissal of the § 1396a(a)(43) claim; and remand for further proceedings consistent with this opinion.