NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 20a0003n.06

No. 19-3360

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 06, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| ISAAC R. KNIGHT, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; GRIFFIN and KETHLEDGE, Circuit Judges.

PER CURIAM. Isaac Knight appeals the district court's amended judgment entered upon remand for resentencing. We reject his argument and affirm.

A jury convicted Knight of conspiracy to commit healthcare fraud, in violation of 18 U.S.C. §§ 1347 and 1349, and two counts of health care fraud, in violation of 18 U.S.C. § 1347. The evidence at trial established that Knight and his family members used their home healthcare businesses to defraud government healthcare programs. The district court calculated the government's total loss caused by the fraud to be $8,168,107.24. Knight received an 18-level increase to his base offense level for a loss of more than $3.5 million but less than $9.5 million. *See* USSG § 2B1.1(b)(1)(J). Knight also received a 2-level enhancement for obstruction of justice. *See* USSG § 3C1.1. The district court sentenced Knight to 87 months' imprisonment followed by three years of supervised release and ordered joint and several restitution to the government in the amount of $8,168,107.24.

On appeal, Knight argued that the evidence at trial was insufficient to support his convictions, that the district court erred in applying the 2-level enhancement for obstruction of justice, and that the district court miscalculated the guidelines range and the restitution amount by failing to reduce the loss amount by the fair market value of the services rendered to patients. This court affirmed Knight's convictions but vacated his sentence and remanded for resentencing, holding that the district court had clearly erred in applying the obstruction-of-justice enhancement. *United States v. Knight*, 756 F. App'x 571 (6th Cir. 2018). We rejected Knight's challenge to the loss amount on the ground that he failed to present any evidence regarding the value of the services that the defendants' home health care businesses actually rendered to patients.

At the resentencing hearing, Knight asserted that the appropriate loss amount attributable to him was $1.7 million because "[h]e didn't join the conspiracy until later on." (R. 230, PageID 5628). The government argued in response that this court's remand was limited to the obstruction-of-justice issue and that the district court was bound by this court's finding that the restitution order was appropriate. Considering Knight's objection, the district court stated that the total loss amount was "properly attributed to him . . . based on all the facts." (*Id*. PageID 5630). After removing the obstruction-of-justice enhancement from the guidelines calculation, the district court imposed a reduced sentence of 66 months' imprisonment. The district court again ordered joint and several restitution in the amount of $8,168,107.24.

On appeal, Knight argues that the district court clearly erred in determining his loss amount because he says, he was "a late arrival to the conspiracy" and thus the loss amount attributable to him should have been calculated from when he joined the conspiracy rather than from its inception. (Appellant's Br. 6). The government responds that the law-of-the-case doctrine bars relitigation

of the calculation of the loss amount attributable to Knight and that he waived this claim by failing to raise the issue in his original appeal.

The law-of-the-case doctrine "precludes a court from reconsideration of issues 'decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition.'" *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006) (quoting *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997)). Knight argues that the law-of-the-case doctrine does not bar his appeal because he raises a different challenge to the loss amount than he raised in his original appeal. But the law-of-the-case doctrine also "bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but were not." *United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997). Thus, "[a] party who could have sought review of an issue or a ruling during a prior appeal is deemed to have waived the right to challenge that decision thereafter." *Id*.

We have applied this doctrine to sentencing issues on remand for resentencing: "While the district court may entertain any issues it feels are relevant to the overall sentencing decision (following a general remand), this does not give the parties license to re-assert issues that they should have raised during an earlier appeal." *United States v. McKinley*, 227 F.3d 716, 718 (6th Cir. 2000) (internal citation omitted). This court has "allowed parties to address issues on remand not addressed during the initial sentencing appeal if the moving party had been either unable to assert the issue initially or the issue only became logically relevant following remand[.]" *United States v. Boudreau*, 564 F.3d 431, 435 n.1 (6th Cir. 2009).

Neither of those exceptions apply here: although Knight's prior counsel did not raise this challenge to his loss amount during Knight's first sentencing hearing, Knight could have sought review of this issue for plain error during his earlier appeal. Knight is therefore foreclosed from making this argument now. *See United States v. Sedore*, 512 F.3d 819, 827 (6th Cir. 2008).

The district court's amended judgment is affirmed.