UNITED STATES of America, Plaintiff–Appellee,

v.

Adebowale ADESIDA, Defendant–Appellant.

No. 96–3306.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 28, 1997.

Decided Nov. 19, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 6, 1998.

Robert A. Burke (argued and briefed), Klaine, Wiley, Hoffmann & Meurer, Cincinnati, OH, for Defendant–Appellant.

Robert Brichler (argued), James M. Coombe (briefed), Office of the U.S. Attorney, Cincinnati, OH, for Plaintiff–Appellee.

Before: CONTIE, DAUGHTREY and COLE, Circuit Judges.

## OPINION

CONTIE, Circuit Judge.

Defendant-appellant, Adebowale Adesida, appeals the district court's denial of his motion for a new trial, which defendant made when the case was before the district court upon a remand for resentencing. For the following reasons, we affirm.

### I.

On December 1, 1993, defendant was indicted on a four-count indictment. The count at issue in the present appeal is Count One, which charged defendant with conspiracy "to knowingly, willfully, intentionally, and unlawfully import and attempt to import" heroin into the United States in violation of 21 U.S.C. § 952 and § 963. In Counts Two and Three, defendant was charged with money laundering in violation of 18 U.S.C. § 1956. In Count Four, defendant was charged with attempt to import heroin in violation of 21 U.S.C. § 952 and § 963 and 18 U.S.C. § 2. On March 3, 1994, the grand jury issued a superseding indictment which charged the same facts as the original indictment. A jury trial was held, and on April 1, 1994, defendant was found guilty on all counts.

On July 8, 1994, defendant was sentenced. The United States Sentencing Guidelines established a guideline sentencing range of 292 to 365 months. However, the district court departed downward from the sentencing range and imposed a sentence of 240 months. The United States appealed the downward departure, and on appeal, a panel of this court found that the district court had not given a reason for the downward departure and remanded the case to the district court to state its reason for the downward departure. Because the original sentencing judge had died, the case was assigned to a second district court judge, who found nothing in the record to justify a downward departure from the sentencing range of 292–365 months and sentenced defendant to a term of 292 months imprisonment.

While the case was before the district court on remand, defendant made a motion for a new trial on the ground that defects in Count One of the indictment caused a miscarriage of justice. The district court first noted that defendant's motion for a new trial was untimely. The court then stated:

> The Court found that all legal issues raised by Defendant in support of his motion for a new trial had been waived, inasmuch as Defendant did not raise them at trial or on appeal to the United States Court of Appeals for the Sixth Circuit and cannot now be raised before this Court.

The district court then denied defendant's motion for a new trial.

Defendant filed a timely notice of appeal, alleging that pursuant to Fed.R.Crim.P. 12(b)(2), he may raise the defects in the indictment at any time in the course of the proceedings, and, therefore, the issues he raises are not waived.

Defendant makes three claims in regard to Count One of the indictment:

(1) that there was a danger that his conviction on Count One resulted from a less than unanimous jury verdict because Count One charged two offenses and was duplicitous;

(2) that Count One of the indictment failed to charge an offense; and

(3) that trial counsel's failure to raise the issues arising from the defects in the indictment constituted ineffective assistance of counsel.

## II.

■■■ Count One of the indictment charged defendant with conspiracy "to knowingly, willfully, intentionally, and unlawfully import and attempt to import" heroin in violation of 21 U.S.C. § 952 and § 963. Defendant first alleges that conspiracy to import a controlled substance and attempt to import a controlled substance are two separate offenses, and therefore Count One is duplicitous. Defendant is correct in stating that Count One of the indictment is duplicitous as attempt and conspiracy require different proof and are two separate offenses. However, we must examine whether defendant has waived his right to raise issues stemming from the duplicitous indictment at this stage of the proceedings when there already has been a prior appeal of this case to the Sixth Circuit, in which these issues were not raised, and the Sixth Circuit in the prior appeal affirmed defendant's conviction on Count One.

■■■ Pursuant to Fed.R.Crim.P. 12(b)(2), if a defendant wishes to get a duplicitous indictment dismissed, he must raise the issue before trial. In other words, the technical error of the duplicity must be raised before trial. If the technical error is not objected to then, the trial will proceed even though the indictment charges two separate offenses in one count under the presumption that the court's jury instructions can clear up any ambiguity created by the duplicity. In other words, the court can cure the error of duplicity by instructing the jury that it must come to a unanimous verdict in regard to either one offense or the other. *See United States v. Gordon,* 844 F.2d 1397, 1401 (9th Cir.1988).

■■■ A defendant may raise the alleged harm stemming from the duplicitous indictment at trial or on appeal even if he does not object to the duplicitous indictment before trial. For example, a defendant can raise the issue that due to the duplicity in the indictment, it is unclear whether the jury's verdict in regard to either offense was unanimous. This type of error does not have to be objected to before trial, because it concerns not only a technicality (two offenses are charged in one count), but also raises issues involving substantive rights (right to a unanimous jury verdict). *See Davis v. United States,* 411 U.S. 233, 244, 93 S.Ct. 1577, 1583, 36 L.Ed.2d 216 (1973) (waiver provisions of Rule 12(b)(2) are operative only with respect to claims of defects in the institution of criminal proceedings); *United States v. Rosenbarger,* 536 F.2d 715, 721–22 (6th Cir.1976) (failure to object to error in indictment before trial does not waive right to object to incorrect sentence caused by the error), *cert. denied,* 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977). Because the defendant herein is not objecting to a mere technicality (that his conviction on Count One must be dismissed because Count One charges two offenses), but instead argues that his substantive rights were affected by the duplicitous indictment, defendant has not waived his right to raise such issues simply because he failed to object to the indictment before trial. As this court explained in *United States v. Duncan,* 850 F.2d 1104, 1108 n. 4 (6th Cir.1988):

> A duplicitous indictment is one that charges separate offenses in a single count. The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both. Adverse effects on a defendant may include . . . the danger that a conviction will result from a less than unanimous verdict as to each separate offense.

■■■ However, in the present case, as the district court pointed out, defendant failed to raise any alleged harm stemming from the duplicitous indictment during trial or during the prior appeal before this court. We agree with the district court that this failure constitutes a waiver in regard to defendant's claims of a less than unanimous jury verdict on Count One and of ineffective assistance of counsel. Defendant could have raised his arguments in regard to a non-unanimous jury verdict and ineffective assistance of counsel in the prior appeal, but

failed to do so, and, therefore, he waived his right to raise these issues before the district court on remand or before this court on appeal after remand. The law-of-the-case doctrine bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but were not. *See County of Suffolk v. Stone & Webster Engineering Corp.,* 106 F.3d 1112, 1117 (2nd Cir.1997). A party who could have sought review of an issue or a ruling during a prior appeal is deemed to have waived the right to challenge that decision thereafter, for "[i]t would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost." *Fogel v. Chestnutt,* 668 F.2d 100, 109 (2nd Cir.1981), *cert. denied,* 459 U.S. 828, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982).

Because defendant could have raised the issues of a less than unanimous jury verdict and ineffective assistance of counsel in the prior appeal, the district court correctly found that these issues have been waived.

### III.

■■■■■ However, defendant raises one issue that has not been waived. Defendant first argues that Count One of the indictment is duplicitous because it charges two offenses—conspiracy to import *and* attempt to import. Defendant next attempts to argue that Count One of the indictment does not charge an offense, because it includes the offense of "conspiracy *to* attempt to import," and there is no such federal offense.[1]

■■■■■ Even though defendant did not raise his argument that Count One fails to charge an offense in the prior appeal, this argument has not been waived. If an indictment does not charge a cognizable federal offense, then a federal court lacks jurisdiction to try a defendant for violation of the

offense. *See United States v. Armstrong,* 951 F.2d 626, 628 (5th Cir.1992). Lack of subject matter jurisdiction may be raised at any time in the course of a proceeding and is never waived. Matters of jurisdiction may be raised at any time, because if a court lacks subject matter jurisdiction, it does not have power to hear the case. Article III, Section 2 of the Constitution. *See also Bunker Ramo Corp. v. United Business Forms, Inc.,* 713 F.2d 1272, 1279 (7th Cir.1983). As stated in Fed.R.Crim.P. 12(b)(2), if an indictment "fails to show jurisdiction in the court or to charge an offense, [such] objections shall be noticed by the court at any time during the pendency of the proceedings." For these reasons, we must address defendant's argument that Count One of the indictment does not charge an offense even though defendant did not raise this argument at trial or in the prior appeal.

■■■■■ We find that defendant's argument that Count One charges the non-offense of "conspiracy to attempt to import" has no merit, because the indictment need not be read in such a way. If an indictment is not challenged until appeal, it will be construed liberally in favor of its sufficiency. *United States v. Gibson,* 513 F.2d 978, 979 (6th Cir.1975). Defendant argues that Count One should be read both conjunctively and disjunctively in order to include a third offense—the offense of "conspiracy to attempt to import." We decline to read Count One in such a contorted way, and find it charges two offenses (conspiracy to import and attempt to import) rather than a "conspiracy to attempt to import." Moreover, defendant's reliance on *United States v. Meacham,* 626 F.2d 503 (5th Cir.1980) is misplaced. Defendant cites *Meacham* for the proposition that there is no such federal crime as "conspiracy to attempt to import," and an indictment charging this offense must be dismissed. However, *Meacham* is distinguishable. The indictment in *Meacham* did not involve 21 U.S.C. § 952[2]

---

1. We note that there is a distinction between an indictment that is duplicitous and charges two offenses and an indictment that charges a non-offense.

2. 21 U.S.C. § 952 states in relevant part:
   (a) It shall be unlawful to import into the customs territory of the United States from any

place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I or II of subchapter I of this chapter, or any narcotic drug in schedule III, IV, or V of subchapter I of this chapter....

and 21 U.S.C. § 963[3] as Count One of the indictment in the present case does. Instead, *Meacham* charged violations of 21 U.S.C. § 963 and 21 U.S.C. § 846.[4] The defect in the indictment in *Meacham* was that it contained two "attempt and conspiracy" statutes, 21 U.S.C. §§ 963 and 846, but had no underlying substantive offense statute. Such a defect does not occur in Count One of the present case, which includes a substantive drug offense—the importation of heroin. As the court in *Meacham* stated, there is no defect compelling dismissal of an indictment if the "statutes could have been used to prosecute the appellants for conspiracy to violate or for attempting to violate the substantive-offense provisions of the drug laws to which they apply." 626 F.2d at 508. In the present case, Count One of the indictment contains a reference to the substantive offense provision, to which the conspiracy and the attempt apply, by referring to 21 U.S.C. § 952, which states in relevant part:

> It shall be unlawful to import into the customs territory of the United States from any place outside thereof ... any controlled substance....

Count One in the present case, thus, does not fail to charge an underlying substantive offense, which was the cause of the defect warranting dismissal of the indictment in *Meacham*.

For these reasons, we find that defendant's argument that Count One of the indictment fails to charge an offense has no merit.

## IV.

To conclude, Rule 12(b)(2) of the Federal Rules of Criminal Procedure provides that the only defects in an indictment which can be raised at any time during the course of a proceeding are those relating to lack of jurisdiction in the court or to failure to charge an offense. We find that defendant's argument that Count One of the indictment fails to charge an offense has no merit. Although Count One of the indictment charges two offenses and is duplicitous, defendant's arguments in regard to the harm caused by the duplicitous indictment, which involve allegations that he was denied his right to a unanimous jury verdict on Count One and that he did not have effective assistance of counsel, had to be raised during trial or on direct appeal and were waived by defendant's failure to do so.[5] In accordance with the law of the case doctrine, defendant may not for the first time raise these two issues before the district court on a remand for resentencing. Therefore, the district court's denial of defendant's motion for a new trial is hereby **AFFIRMED.**

**3.** 21 U.S.C. § 963 states:

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

**4.** 21 U.S.C. § 846 states:

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of

which was the object of the attempt or conspiracy.

**5.** We note that the attempt charge in the indictment was also multiplicious. An attempt to import heroin in violation of 21 U.S.C. § 952 and § 963 was charged in both Counts One and Four. However, this does not affect the length of defendant's sentence as the sentence on each count is to run concurrently with each other. Because attempt was also charged in Count Four, there is no question that the jury verdict in regard to the attempt violation was unanimous.