UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael NELSON, Defendant–
Appellant.

No. 01–3690, 01–3776.

United States Court of Appeals,
Sixth Circuit.

March 27, 2002.

Before NORRIS, SILER and GILMAN,
Circuit Judges.

## ORDER

Pro se federal prisoner Michael Nelson
appeals the district court's marginal entry

orders that denied his 18 U.S.C. § 3582(c)(2) motion to modify his sentence and a Fed.R.Crim.P. 12(b)(2) motion in which he sought the dismissal of his ten year-old judgment of conviction. He also moves the court for leave to proceed as a pauper. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In 1989, a jury found Nelson guilty of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine in or near schools in violation of 21 U.S.C. § 845(a), and conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. The district court sentenced him to a total of 210 months of imprisonment. A panel of this court affirmed Nelson's convictions and sentence on appeal. *United States v. Nelson,* 922 F.2d 311 (6th Cir.1990). Research reveals that Nelson has since filed three unsuccessful motions seeking § 2255 relief and that he has filed at least one unsuccessful motion for authorization to file an additional § 2255 motion.

In these timely consolidated appeals, Nelson argues that the district court erred by denying his motions. He also moves the court for leave to proceed as a pauper. The government argues that this court lacks jurisdiction over Nelson's appeal from the denial of the § 3582(c)(2) motion and that, in any event, both motions lacked merit. Both parties have filed briefs.

■ As an initial matter, we reject the government's jurisdictional argument. The government contends that this court lacks jurisdiction over the appeal from the

denial of the § 3582 motion because Nelson failed to file a timely notice of appeal within ten days of the district court's denial of that motion. The government concedes that Nelson filed a motion styled as a Fed.R.Civ.P. 59(e) motion, seeking reconsideration of the denial, but it contends that this motion could not serve to toll the time limit for filing a notice of appeal because the motion was based on a *civil* rule, rather than a *criminal* rule.

The styling of Nelson's motion as a civil 59(e) motion is simply not determinative. *United States v. Dieter,* 429 U.S. 6, 7–8, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976).

The record reflects that the district court denied Nelson's § 3582 motion in a marginal order entered on March 23, 2001. Ten business days [1] later, on April 6, 2001, Nelson moved the court to reconsider the denial through a motion captioned as a Fed.R.Civ.P. 59(e) motion. The court denied the motion to reconsider on April 10, 2001, and Nelson's notice of appeal was filed on April 19, 2001.

■ We have jurisdiction over this matter because the timely filing of Nelson's motion for reconsideration reset the time for complying with Fed. R.App. P. 4(b). *United States v. Healy,* 376 U.S. 75, 78, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964). The Supreme Court held in *Healy* that a rehearing petition, at least when filed within the original period for review, may also extend the time for filing a petition for certiorari. *Id.* This rule also applies to the time limit for filing appeals in criminal matters. *See United States v. Ibarra,* 502 U.S. 1, 6 n. 2, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991) (holding that would-be appellants who file a timely motion for reconsideration are entitled to the full time period for

---

1. Fed.R.Crim.P. 45, rather than Fed. R.App. P. 6, governs the computation of time in this context, *United States v. Brewer,* 60 F.3d 1142, 1143 (5th Cir.1995); thus, the intervening Saturdays and Sundays are excluded.

noticing the appeal after the motion to reconsider has been decided); *Dieter*, 429 U.S. at 7–9 & n. 3; *United States v. Carmouche*, 138 F.3d 1014, 1016 (5th Cir. 1998).

Although we have jurisdiction, we conclude that the district court properly denied Nelson's § 3582(c)(2) motion. Review is under the abuse-of-discretion standard. *United States v. Pardue*, 36 F.3d 429, 430 (5th Cir.1994).

Nelson claimed that he was entitled to a § 3582(c) modification of his sentence because an amendment to the Sentencing Guidelines lowered his sentencing range. Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The text of this provision clearly indicates that in order for a district court to invoke § 3582(c)(2) to reduce a sentence, the defendant's sentencing range must have been lowered by the Sentencing Commission and the contemplated sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In November 2000, application note one to USSG § 2D1.2 (Drug Offenses Occurring Near Protected Locations) was amended to resolve a circuit split. Amendment 591 makes clear that the enhancement of an offense level under § 2D1.2 "applies only in a case in which the defendant is convicted of a statutory violation of drug trafficking in a protected location ..." USSG Manual, Supp. To App. C (Nov. 1, 2000) at 30. The relevant policy statement, § 1B1.10(c), p.s., includes Amendment 591 among those amendments that the Sentencing Commission has determined should be applied retroactively; nevertheless, the district court did not abuse its discretion in denying Nelson's motion. Nelson was convicted of possession of cocaine base with the intent to distribute within 1000 feet of a public school in violation of 21 U.S.C. § 845a(a) (now codified at 21 U.S.C. § 860). Thus, Amendment 591 is inapposite, whether given retroactive application or not.

■ The district court did not err by denying Nelson's Fed.R.Crim.P. 12 motion. The motion was untimely, and the district court therefore lacked jurisdiction to consider it.

The undisputed facts that form the basis of Nelson's claim follow: In January 1989, Nelson pleaded guilty to a conspiracy count against him, but he subsequently moved to withdraw the guilty plea. At Nelson's March 1989 sentencing hearing, the district court denied the motion to withdraw and sentenced Nelson to 180 months of imprisonment.

A few months later—upon a motion for reconsideration filed by Nelson—the district court allowed Nelson to withdraw the plea, and the case proceeded to trial. Due to an oversight, the prior judgment was not vacated. Following the jury trial, Nelson received 30 more months of imprisonment than he received in the original proceeding.

Upon learning that the prior judgment had not been vacated, the district court corrected the error pursuant to Fed. R.Crim.P. 36. This rule provides: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court *at any time* and after such notice, if any, as the court orders."

Nelson seized upon the district court's mechanical error as a possible basis for relief. He filed a motion to vacate the second judgment (with the 210–month sentence) pursuant to Fed.R.Crim.P. 12(b)(2), claiming that the district court's correction of the judgment did not cure the jurisdictional defect that *must have* infected the second judgment because of the outstanding and uncorrected first judgment.

Motions under Rule 12(b) are pretrial motions, and are generally waived if not raised in a timely manner. Nelson's motion to dismiss the indictment is based in part on the district court's alleged lack of subject matter jurisdiction to enter the second judgment. He relies upon the general rule that lack of subject matter jurisdiction may be raised at any time; however, that rule actually holds that lack of subject matter jurisdiction may be raised "at any time *during the pendency of the proceedings.*" *United States v. Adesida,* 129 F.3d 846, 850 (6th Cir.1997) (quoting Fed.R.Crim.P. 12(b)(2) (emphasis added)); *see also United States v. Giraldo–Prado,* 150 F.3d 1328, 1329 (11th Cir.1998). The mandate was issued in the appeal of Nelson's ultimate judgment more than ten years ago, thus rendering his criminal conviction final and signaling an end to those proceedings. Therefore, the district court properly denied the motion, as it lacked jurisdiction to consider it.

Although confined to the correction of clerical errors, oversights, and omissions, *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir.1990), a judgment may be corrected under Rule 36 at any time. It is clear that the error was due to oversight and was "of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Burd,* 86 F.3d 285, 288 (2d Cir.1996) (internal quotation omitted). The district court's correction of this error provides no viable claim for relief to Nelson.

Leave to proceed as a pauper is granted, and we affirm the district court's orders. Rule 34(j)(2)(C), Rules of the Sixth Circuit.