**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0874n.06
Filed: December 20, 2007

**No. 06-6130**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

LEON STAMPER,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF KENTUCKY

                        /

**BEFORE:**    **CLAY, SUTTON and McKEAGUE, Circuit Judges.**

    **CLAY, Circuit Judge.** Petitioner Leon Stamper brings this habeas action pursuant to 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel when his attorney failed to appeal his sentence upon request, or alternatively, that his counsel was ineffective because he failed to consult with him regarding the possibility of appeal. The United States contests this petition, arguing that Petitioner did not receive ineffective assistance under the standard established by *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). For the reasons which follow, we hold that Petitioner's case falls within the narrow set of circumstances where a criminal defense attorney is not constitutionally required to consult with his client about the possibility of appeal. Accordingly, the decision of the district court denying habeas relief to Petitioner is **AFFIRMED**.

**STATEMENT OF FACTS**

On July 22, 2000, Petitioner Leon Stamper arrived at a used car dealership in Louisville, Kentucky. There he convinced Jeff Cochran, a 65 year-old salesman, to allow him to test-drive a 1996 Pontiac Trans Am. *United States v. Stamper*, 91 Fed. Appx. 445, 448 (6th Cir. 2004). Accompanied by Cochran, Petitioner eventually drove the vehicle to a convenience store, pointed a gun at Cochran and instructed him to sit still and remain silent. *Id.* Petitioner left the convenience store with Cochran, drove to a country road, and dragged Cochran out of the vehicle and into a nearby forest. Despite Cochran's protests that he suffered from a heart condition, Petitioner bound and gagged Cochran and left him in the forest. *Id.* Cochran escaped from his bonds, sought help at a nearby house, and was briefly hospitalized that evening due to high blood pressure. *Id.*

At trial on six counts related to this incident, Petitioner was represented by a court-appointed attorney. After his conviction on five of these six counts, including carjacking, use of a firearm in commission of violent crime and possession of a firearm by a convicted felon, Petitioner was sentenced to 360 months of imprisonment, *Stamper*, 91 Fed. Appx. at 448, and Petitioner's appointed counsel was excused by the district judge. Petitioner appealed his conviction and sentence to this Court, and the clerk appointed the same attorney who represented Petitioner at trial to serve as his appellate counsel.

On appeal, Petitioner raised a bevy of claims, all but one of which were rejected.[1] Nevertheless, this Court reversed Petitioner's sentence on the ground that the district court erred by finding that Petitioner inflicted "serious bodily injury" on Cochran, a finding which requires a four-point enhancement under the Sentencing Guidelines, absent sufficient evidence in the record to sustain this finding. *Id.* at 465. In so holding, however, this Court upheld the district court's prerequisite finding that Cochran sustained mere "bodily injury," which triggers a two-point enhancement in the absence of serious injury. *Id.* at 464.

On remand, Petitioner was represented by the same court-appointed attorney who represented him at trial and on appeal. The district court conducted an evidentiary hearing for the limited purpose of determining "the extent of bodily injury to the victim," (J.A. 152), and the court-appointed attorney successfully convinced the district judge that Cochran only suffered "bodily injury," not "serious bodily injury" as the district court found at trial. Accordingly, Petitioner was resentenced to 319 months in prison, a 41 month reduction from his original sentence. Before adjourning, the district court advised Petitioner that he "may appeal from this sentence by filing a Notice of Appeal within ten days," as is required by Fed. R. Crim. P. 32(j)(1)(B). (J.A. 176)

---

[1]On appeal, Petitioner claimed: 1) that the United States denied him access to material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); *Stamper*, 91 Fed. Appx. at 451, 2) that evidence seized in a warrantless search of his motel room should be suppressed; *Id.* at 453, 3) that incriminating photographs taken on seized film should be suppressed; *Id.* at 455, 4) that testimony by his domestic partner should not have been allowed at trial; *Id.* at 456; 5) that his identification in a photographic lineup violated Due Process; *Id.* at 459; and, 6) that the district court improperly applied a sentencing enhancement for inflicting "serious bodily injury" in the commission of the crime; *Id.* at 463.

Also before adjourning, Petitioner's counsel informed the district judge that he was court-appointed counsel, and asked if he was relieved of his obligations to his client at that point. The court responded that "I'd ask you to stay and if [Petitioner] seeks to file an appeal—if he wants to file an appeal—he may do so, but I think you should consider that first." (J.A. 176) Petitioner's counsel did not file an appeal, and he failed to consult with his client regarding whether or not the client wished to appeal. Petitioner now claims that this amounts to ineffective assistance of counsel, and filed this habeas petition.[2]

## DISCUSSION

### *Standard of Review*

In reviewing a district court's denial of a § 2255 habeas petition, this Court reviews findings of fact for clear error and conclusions of law *de novo*. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001).

### *Analysis*

Normally, an ineffective assistance of counsel claim has two components. The defendant must both "show that counsel's performance was deficient," and demonstrate that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Roe*

---

[2]In the final sentences of his brief, Petitioner also claims that "all of this could have been short cut had the District Court, pursuant to former Criminal Rule 32(c)(5), directly advised the Appellant of his right to appeal . . . ." (Petitioner's Br. at 12) This argument is waived, however, because it is raised for the first time before this Court. *Union Planters Nat'l Bank of Memphis v. Commercial Credit Bus. Loans*, 651 F.2d 1174, 1187 ("It is axiomatic that an issue not presented to the trial court cannot be raised for the first time on appeal."). Furthermore, it is contradicted by the record, as the district judge did inform Petitioner that he "may appeal from this sentence by filing a Notice of Appeal within ten days from today's date," immediately after resentencing. (J.A. 176)

*v. Flores-Ortega*, 528 U.S. 470 (2000), however, the Supreme Court clarified this rule in the context of a claim that counsel failed to either file an appeal or consult with his client regarding the possibility of appeal. Under *Flores-Ortega*, when defense counsel "disregards specific instructions from the defendant to file a notice of appeal," *Id.* at 477, this disregard constitutes a "*per se* violation of the Sixth Amendment." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). This is true "regardless of whether the appeal would have been successful or not." *Id.*

If, on the other hand, defendant has not instructed counsel "one way or the other," then "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 477, 480. Additionally, to prove that their attorney's failure to consult about an appeal prejudiced the defense, the defendant must show that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

While *Flores-Ortega* stated that an attorney who fails to consult with his client will be held ineffective in "the vast majority of cases," 528 U.S. at 481, this case presents the rare set of circumstances in which counsel's failure to consult with his client does not amount to ineffective assistance.

**A.    Petitioner's Communicated Intentions**

Under *Flores-Ortega*, Petitioner must first demonstrate that he actually requested that his attorney file an appeal, that he reasonably demonstrated his interest in appealing, or that a reasonable

defendant would want to appeal in his circumstances. *Id.* at 480. The district court, however, focused its analysis on the first of these tests.

In an evidentiary hearing conducted by the district judge, Petitioner testified that immediately before his resentencing hearing, he asked his defense counsel what the likely result of the hearing would be. According to Petitioner, counsel told him that he was likely to receive a two-point sentencing enhancement, rather than the four-point enhancement received at trial. Petitioner further testified that he told counsel that he "wasn't satisfied with the two points, that I felt that four should have came [sic] off," adding that "I told him I want him to appeal it, and he said that he would take care of it." (J.A. 191) Despite Petitioner's testimony that he spoke to his attorney about appealing prior to the resentencing hearing, Petitioner also testified that he spoke with his attorney "[m]aybe five, six" times subsequent to this hearing, but that he was "not sure" whether they discussed appealing the district court's decision at resentencing. (J.A. 193)

At the same evidentiary hearing, Petitioner's defense counsel testified unequivocally that he did not have any conversations with Petitioner regarding his right to appeal or his desire to appeal subsequent to resentencing. Indeed, counsel testified that he had no conversations whatsoever with Petitioner regarding his right to appeal or his desire to appeal, even during the several conversations they had subsequent to the hearing.

Faced with conflicting testimony as to whether or not Petitioner instructed his attorney to appeal, the district court found the attorney's testimony more credible. In so finding, the district court noted that Petitioner "conceded that he did not request an appeal [immediately] following imposition of sentence," and that Petitioner was "not sure" whether he discussed the possibility of

appeal at any point whatsoever. (J.A. 116-17) According to the district court, "it is difficult to reconcile testimony of a firm desire and a clear request to appeal with later testimony that [Petitioner] contacted his lawyer on five or six occasions . . . but that he just can't remember whether he inquired about why the lawyer had refused his clear request to appeal." (J.A. 117)

The district court also noted Petitioner's testimony that his defense counsel had "done pretty good" prior to the alleged request for an appeal, and added that its impression of counsel "during the course of the trial confirms that he does not give the impression of a lawyer who would ignore his client's wishes." (*Id.*) Based on these findings, the court held that Petitioner "failed to show it more likely than not that he asked [counsel] to appeal from the resentencing." (J.A. 118)

These findings are not clearly erroneous. Petitioner's sole evidence that he requested an appeal was his own testimony to that effect. This testimony, however, is inconsistent with Petitioner's own actions subsequent to this alleged request, and it contradicts the trial judge's own observations about counsel's responsiveness to his client. Accordingly, we will not disturb the district court's finding that Petitioner's testimony was not credible, and instead will affirm the district court's finding that Petitioner did not ask his attorney to appeal his case.

Furthermore, the district court's finding that Petitioner did not instruct his attorney to appeal is also dispositive of the question of whether Petitioner "reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. Petitioner admitted that he was "not sure" whether the topic of an appeal even came up in post-resentencing discussions with his attorney. (J.A. 193.) Accordingly, the only indication that he demonstrated any interest in appeal were his alleged pre-resentencing statements to counsel—statements which the district court discounted.

Because we accept the district court's credibility determinations on that point, we hold that Petitioner cannot claim ineffectiveness on the grounds that he reasonably demonstrated his interest in appealing his sentence.

We now turn to whether Petitioner reasonably would have wanted to appeal his resentencing hearing.

**B.      Reasonable Grounds for Appeal**

The district court did not consider whether "a rational defendant would want to appeal" given Petitioner's circumstances after his resentencing.  (*See* J.A. 166 ("We are not concerned with the merits or wisdom of an appeal."))   Nevertheless, under *Flores-Ortega*, Petitioner may show ineffective assistance of counsel if he can demonstrate that a rational defendant would have wanted to appeal at this stage in the process.  528 U.S. at 480.  We believe, however, that Petitioner cannot make such a showing.

In *United States v. Adesida*, 129 F.3d 846 (6th Cir. 1997), we held that "[t]he law-of-the-case doctrine bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but were not." *Id.* at 850.  In other words, once an appeal has been taken and a case has been returned to the trial court on remand, a party is precluded from raising any issues on second appeal which could have been raised on the first one (barring some new development on remand which should be addressed in a subsequent appeal).  This law-of-the-case doctrine bound Petitioner in any appeal taken subsequent to his resentencing.

In this case, Petitioner raised numerous issues in his first appeal, all but one of which were rejected by this Court.  *Stamper*, 91 Fed.Appx. at 465.  As the sole grounds for remanding

8

Petitioner's case to the trial court for resentencing, we held that the trial court clearly erred in finding that Petitioner inflicted "serious bodily injury" on his victim, thus triggering a four-point enhancement. *Id.* at 464. It is also important to note, however, what this Court did *not* hold on appeal. Although we concluded that there was "no basis in the record" for a finding that Petitioner inflicted serious bodily injury, *Id.* at 465, we permitted the district court to gather additional evidence which would support such a finding on remand. *See id.* Similarly, we expressly held that "[t]he district court did not clearly err in finding that Cochran had sustained the prerequisite 'bodily injury' so as to trigger" a two-point sentencing enhancement. *Id.* at 464. In other words, we affirmed the finding of "bodily injury," but remanded the issue of "serious bodily injury." Accordingly, the best possible result Petitioner could have achieved on remand was a finding that he only inflicted "bodily injury" on his victim, thus triggering a mere two-point enhancement.

On remand, the district court limited its inquiry to the narrow question of the extent of Cochran's injuries. In litigating this narrow issue, Petitioner's counsel successfully convinced the court to find that Petitioner only inflicted "bodily injury" on Cochran, thus obtaining the best possible result for his client. Furthermore, as this issue on remand was also the only issue in the case which could not also have been appealed immediately after Petitioner's trial, the law-of-the-case doctrine prevented Petitioner from appealing any issue other than the question of whether or not he inflicted serious bodily injury on his victim. *See Adesida*, 129 F.3d at 850. Because the only result Petitioner could have obtained on appeal would have been equal to or less favorable than the one he already obtained at resentencing, a reasonable defendant would not have wanted to appeal under

these circumstances. Accordingly, Petitioner's claim that he received ineffective assistance of counsel must be denied.

**CONCLUSION**

In the "vast majority of cases," criminal defense counsel has a duty to consult with their client about a possible appeal. *Flores-Ortega*, 528 U.S. at 481. Nevertheless, given the district court's finding that Petitioner did not instruct his attorney to appeal, combined with the very favorable result Petitioner obtained at resentencing, we hold that this case presents the rare set of circumstances where a criminal attorney who fails to consult with his client about a possible appeal did not provide ineffective assistance. Accordingly, the decision of the district court denying habeas relief to Petitioner is **AFFIRMED**.