RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0156p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
>                    *Plaintiff-Appellee,*
>
> v.
>
> ALVIN PIERRIE BOUDREAU,
>                    *Defendant-Appellant.*

No. 07-2143

_____

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-81073—George C. Steeh, District Judge.

Argued: December 4, 2008

Decided and Filed: April 23, 2009

Before: CLAY and GIBBONS, Circuit Judges; STAMP, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Margaret Sind Raben, GUREWITZ & RABEN, PLC, Detroit, Michigan, for Appellant. Kathleen Moro Nesi, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Margaret Sind Raben, GUREWITZ & RABEN, PLC, Detroit, Michigan, for Appellant. Kathleen Moro Nesi, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

GIBBONS, J., delivered the opinion of the court, in which STAMP, D. J., joined. CLAY, J. (pp. 12-16), delivered a separate dissenting opinion.

_____

[*] The Honorable Frederick P. Stamp, Senior United States District Judge for the Northern District of West Virginia, sitting by designation.

1

———————————

**OPINION**

———————————

JULIA SMITH GIBBONS, Circuit Judge.  Defendant Alvin Boudreau appeals from the 240-month mandatory minimum sentence the district court imposed upon remand from this court for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).  Boudreau asserts that the government improperly filed its information to enhance Boudreau's sentence under 21 U.S.C. § 851(a) because of his two prior drug-offense convictions, rendering the enhancement inapplicable.  We disagree and hold that under our well-established case law, the government's filing of the information in open court coupled with personal service upon the defendant prior to trial satisfied the statutory requirements.  Consequently, we affirm the judgment of the district court.

**I.**

On July 19, 2000, a federal grand jury returned a superseding indictment charging Boudreau with conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 841 and § 846 and conspiracy to manufacture with intent to import heroin in violation of 21 U.S.C. § 936, § 952(a), § 959(a)(1)-(2), and § 960.  As Boudreau prepared to reject formally the government's plea offer of a 196-month sentence on January 17, 2002, the Assistant United States Attorney ("AUSA") made the following statement in open court:

> I have in my hand an information for enhanced statutory penalties pursuant to Title 21 United States Code Section 851, given Mr. Boudreau's history in this matter his change of attorneys, I have withheld filing that until today's date to offer him the opportunity to accept the government's plea offer.  I will be tendering this to the Court however and upon filing Mr. Boudreau will face a mandatory nininum [*sic*] of 240 months imprisonment . . . .

(Jury Selection Tr. at 3-4.)  Following Boudreau's formal rejection of the plea offer, the AUSA again addressed the court:

> Your Honor, with Mr. Boudreau's rather emphatic rejection of the government's offer I have previously provided him a copy and I will now again serve him in open court with a copy of the government's Information for enhancement for penalties and I will file the original with the Court's Clerk.

(Jury Selection Tr. at 8.) The district court acknowledged "receipt of that notice," as did Boudreau's counsel. (Jury Selection Tr. at 8-9.)

Boudreau's trial commenced before the district court that same day; and on January 28, 2002, the jury found Boudreau guilty on both counts alleged in the indictment. On September 26, 2002, the district court, after calculating the sentencing range under the then-mandatory guidelines, sentenced Boudreau to concurrent terms of 360 months imprisonment on each count. Boudreau appealed both his jury convictions and sentence to this court. On April 18, 2005, we affirmed Boudreau's convictions on both counts but vacated his sentence and remanded to the district court for resentencing in light of the Supreme Court's intervening decision in *Booker*. *United States v. Makki*, 129 F. App'x 185, 193 (6th Cir. 2005).

Upon remand, Boudreau's new counsel challenged the adequacy of the government's 2002 filing of its Section 851(a) notice. At a July 20, 2007 hearing, Boudreau alleged – and the government did not dispute – that the notice never appeared on the district court's docket sheet. Boudreau also noted that the case file lacked an original copy of the government's Section 851(a) notice. Pointing to the transcript, Boudreau recalled that the AUSA had said "I *will file* the original with the Court's Clerk." (Jury Selection Tr. at 8 (emphasis added).) Boudreau argued that this indicated that the AUSA's actions in court did not constitute filing within the meaning of Section 851(a) and that the absence of an original copy in the clerk's file supported Boudreau's contention that the government never filed the required notice. Consequently, Boudreau argued that the district court was without authority to sentence Boudreau to a twenty-year mandatory minimum sentence.

The same AUSA who prosecuted Boudreau's original case appeared for the government at the July 20 hearing. The government argued that the transcript was not

ambiguous, noting that both the district court and Boudreau's counsel at the time acknowledged receipt of the Section 851(a) information in open court. Further, the transcript revealed that the AUSA had said he was filing the original with the "Court's clerk, not clerk's office with the Court's clerk." (Motion Hearing Tr. at 12.) The AUSA then recalled having personally handed the information to the deputy clerk stationed in the district courtroom that day. The government asserted that this constituted proper filing within the meaning of the statute.

The district court allowed Boudreau to call the deputy clerk who had been on duty in the courtroom on January 17, 2002, to testify. The clerk, Marcia Beauchemin, testified that she had indeed been unable to find the original copy of the Section 851(a) information. Beauchemin further stated that had she received such an original copy in open court she would have "[p]hysically walked it to the clerk's office . . . for filing." (Motion Hearing Tr. at 25.) Upon later cross-examination, Beauchemin revealed that handwritten notes she kept during the proceedings confirmed that she had accepted the Section 851(a) information in open court from the AUSA. She further clarified, "To me, I – if I wrote it down, that means to me that was filed. I don't know how it was filed, but it was suppose [*sic*] to be filed." (Motion Hearing Tr. at 31.) Beauchemin noted, however, that in her thirty years of working for the clerk's office, she had witnessed occasions where office staff had inadvertently misplaced a document.

After hearing this testimony, the district court ruled that the government had properly filed the Section 851(a) information. The district court credited the recollection of the AUSA that he had filed the information with the deputy clerk in open court. As to the issue of why the original document was missing, the district court concluded that "it isn't the first and I'm sure not the last time that a document has not been ultimately included in the court file." (Motion Hearing Tr. at 27.) United States District Judge George Steeh, who had also presided over the original January 17, 2002, proceeding at issue, also found that the AUSA's recollection "is consistent with my own recollection." *Id.* Judge Steeh said he clearly remembered the AUSA's "handing a document to the clerk." *Id.*

The formal resentencing took place on September 4, 2007. The district court found than an error had occurred in its original sentencing calculation and that Boudreau could no longer be sentenced as a career offender. The error occurred because the probation officer had incorrectly classified one of Boudreau's Michigan state convictions as a delivery charge rather than a possession charge. *See* U.S.S.G. §§ 4B1.1-1.2(b) (stating that a career offender must have "two prior felony convictions of either a crime of violence or a controlled substance offense," where "a controlled substance offense" is defined so as to exclude simple possession). With the removal of the career-offender enhancement, Boudreau's new advisory Guidelines range was a much reduced 188-235 months imprisonment. However, because of the district court's ruling that the government had properly filed the Section 851(a) information, a mandatory minimum sentence of 240 months was required. The district court declined to depart upward from the mandatory minimum, despite the court's initial inclination to do so because of the violent nature of Boudreau's past offenses. Boudreau thus received a concurrent 240-month sentence on each count followed by concurrent 10-year terms of supervised release. Boudreau timely filed his appeal.

## II.

### A.

Before we can reach the merits of Boudreau's claims, we must first address the government's assertion that Boudreau has waived his right to appeal the propriety of the government's filing of the Section 851(a) information. The government argues that Boudreau should have raised his objections to the government's filing of the information during his prior appeal. Because Boudreau did not, the government reasons, traditional waiver principles bar Boudreau from now asserting the issue. Boudreau responds that it is the government that has waived the right to contest this issue. Noting that the government did not object to the district court's consideration of Boudreau's arguments concerning the Section 851(a) filing on remand, Boudreau argues that the government has waived its waiver argument.

"[T]he question of waiver is a mixed question of law and fact." *Karam v. Sagemark Consulting, Inc.*, 383 F.3d 421, 426 (6th Cir. 2004). Consequently, we will "review any determination of underlying facts under the clearly erroneous standard of review, and make a *de novo* determination of whether those facts constitute legal waiver." *Id.* "A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Gilpatrick*, 548 F.3d 479, 484-85 (6th Cir. 2008) (quoting *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)).

We have held that "as with any other argument, the government can forfeit a waiver argument by failing to raise it in a timely fashion." *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998); *see also United States v. Canady*, 126 F.3d 352, 359 (2d Cir. 1997). The transcript of the district court's July 20, 2007, hearing reveals no instance where the government lodged an objection to the district court's consideration of Boudreau's motion to strike the government's filing of the Section 851(a) information. Instead of noting its objection, the government remained silent and participated in an extensive hearing that included calling witnesses and multiple rounds of cross examination. The government obviously could have made this objection and allowed the district court the opportunity to rule on it before the hearing commenced. If successful, the government's objection would have obviated the need for further consideration of Boudreau's argument. We therefore hold that the government has waived its waiver argument, and we will next turn to the merits of Boudreau's appeal.[1]

---

[1] We note that even if the government had not waived its waiver argument, the district court did not err by considering Boudreau's objections on remand. In prior sentencing appeals, we have allowed parties to address issues on remand not addressed during the initial sentencing appeal if the moving party had been either unable to assert the issue initially or the issue only became logically relevant following remand. *United States v. Hebeka*, 89 F.3d 279, 284 (6th Cir. 1996) (declining to find waiver and allowing the government to "reasonably change direction" and pursue a new argument during a subsequent appeal when presenting the argument in the original appeal would not have been logical). The government therefore is correct that generally the "law-of-the-case doctrine bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal but were not." *United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997). What the government misses is that *Hebeka* established a narrow exception to this general principal. In *Hebeka*, this exception allowed the government to raise an issue concerning the district court's application of the Guidelines that the government had failed to raise in the prior appeal. 89 F.3d at 284-85. Here, the exception allows Boudreau to raise his Section 851(a) issue.

While Boudreau could have challenged the filing of the information during his initial appeal, it would not have been logically relevant because the district court originally sentenced Boudreau as a career

**B.**

**1.**

Boudreau asserts two alternative arguments in his effort to explain why the district court erred in its holding that the government properly filed the Section 851(a) sentencing enhancement information. We will address each contention in turn. First, Boudreau argues that while the government tendered the Section 851(a) notice to him in open court and made him aware of its contents, the fact that the information never appeared on the court's docket precludes as a matter of law the district court's holding that the government filed the information. To support his argument, Boudreau cites the Eleventh Circuit case of *United States v. Weaver*, 905 F.2d 1466, 1481 (11th Cir. 1990), for the proposition that courts should construe the procedural requirements of Section 851(a) strictly. Boudreau argues that without a proper filing the district court was without authority to subject him to the 240-month mandatory minimum sentence.

"The sufficiency of the government's filing of an information pursuant to section 851(a) is a question of law that this Court reviews *de novo*." *United States v. Pritchett*, 496 F.3d 537, 541 (6th Cir. 2007) (citing *United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997)). We faced a similar issue to that Boudreau raises in *Pritchett*, where the defendant argued both that the failure to abide by Section 851(a)[2] deprived the district

---

offender, resulting in a term of 360 months to life imprisonment. Thus, the then *mandatory* Guidelines range was much greater than the mandatory minimum sentence of 240 months required by Section 851(a). When we remanded Boudreau's original appeal to the district court for resentencing in light of *Booker*, the district court recalculated Boudreau's sentence and determined that it had erred in applying the enhancement. Boudreau had raised the propriety of the enhancement on appeal; and the government did not object to Boudreau's again raising the issue before the district court. *See Makki*, 129 F. App'x at 190-92. With the career-offender enhancement removed, Boudreau's now *advisory* Guidelines range was only 188-235 months – less than the mandatory minimum of 240 months required by Section 851(a). The Section 851(a) enhancement therefore became relevant in a way that it was not at the time of the prior appeal. *Cf. Hebeka*, 89 F.3d 284-85.

[2]The text of 21 U.S.C. § 851(a)(1) provides:

No person who stands convicted of an offense under this part [21 U.S.C. §§ 841 *et seq.*] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable

court of jurisdiction to sentence a defendant and that even if the district court had jurisdiction, the government filed the information improperly so as to deprive the district court of the ability to enhance the defendant's sentence. 496 F.3d at 538. The defendant in *Pritchett* pled guilty to several drug charges at a hearing. *Id.* The plea agreement unambiguously provided that the defendant was subject to a sentencing enhancement based upon his prior convictions such that he would receive a mandatory minimum sentence of 120 months. *Id.* at 539. The defendant objected that because the government did not file the information until *after* the change in plea, in violation of the plain language of the statute, the government could not seek the mandatory minimum sentence. *Cf.* 21 U.S.C. § 851(a)(1) (requiring the government to file its notice "before trial, or before entry of a plea of guilty"). The district court found that the defendant was aware of the terms of the enhancement prior to his plea and therefore rejected the defendant's contention. *Pritchett*, 496 F.3d at 540.

After finding that failure to follow Section 851(a) cannot divest a district court of its jurisdiction, we moved in *Pritchett* to the issue of whether, under the facts of the case, the government had satisfied the requirements of the section. *Id.* at 547. We noted that the requirements of Section 851(a) are mandatory; however, the statutory requirements were "designed to satisfy the requirements of due process and provide the defendant with reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism." *Id.* at 548 (quoting *United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997)). The district court in *Pritchett* had reviewed the key portions of the defendant's plea agreement in open court, including those terms covering the mandatory minimum sentence. *Id.* at 539. Because of this, the defendant could not rationally claim not to have received notice and an opportunity to be heard. We consequently concluded that the government had satisfied the requirements of Section 851(a). *Id.* at 550.

---

period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

Indeed, we have regularly held that actual notice satisfies the requirements of Section 851(a).  In *United States v. Butler*, 137 F. App'x 813, 815 (6th Cir. 2005), the government filed "in open court" prior to trial its Section 851(a) information.  Defense counsel received service that same day, but the information did not appear on the district court's docket until after the trial had commenced.  *Id.*  Butler argued, like Boudreau, that even though the government "*tendered*" the information to him prior to trial, the fact that it was not actually "*filed*" until after the trial began precluded the district court from being able to enhance Butler's sentence.  *Id.* at 816 (emphasis in original).  We found that because Butler received actual personal service in open court, the government had complied with the section.  *Id.*

Our sister circuits have agreed with our interpretation of what Section 851(a) requires.  One of the most frequently cited examples is exactly the case Boudreau cites – the Eleventh Circuit's decision in *Weaver*.  The defendant in *Weaver* received personal service in open court of the government's Section 851(a) information.  905 F.2d at 1481.  The information was not placed on the docket until after the trial began, and the information itself had a filing date four days after the trial commenced.  *Id.*  While noting that "[t]his circuit has insisted upon strict compliance with the mandatory language of the procedural requirements of section 851(a)," *id.* (citation omitted), the Eleventh Circuit nonetheless held that "[b]y personally serving Sikes and his counsel with a copy of the information prior to trial, and by advising the court orally that it was filing an information for purposes of sentence enhancement, the government complied with the mandatory requirements of section 851(a)." *Id.*  The Eleventh Circuit made special note of the fact that neither the defendant nor his counsel had objected "to the timing or form of the government's notice" in open court.  *Id.*

We find that *Pritchett* and its progeny control Boudreau's case.  The transcript of the January 17, 2002, hearing reveals that the government served notice upon Boudreau in open court.  The government specifically noted that the information allowed the government to seek a mandatory minimum sentence of 240 months.  The district court asked Boudreau if he understood that by rejecting the plea agreement and going

to trial he would now be subject to this enhanced sentence if the jury convicted him. Boudreau responded that he understood that he now faced "an extra 10 years or more in prison." (Jury Selection Tr. at 4.) Boudreau's trial counsel acknowledged service of the notice and raised no objections. *Cf. Weaver*, 905 F.2d at 1481 (noting that trial counsel did not object to the government's open-court notice). Boudreau thus received all that due process and Section 851(a) require: "reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence." *Pritchett*, 496 F.3d at 548 (internal quotation marks and citation omitted). We therefore hold that the government's on-the-record notice in open court combined with personal service upon the defendant prior to trial satisfied the requirements of Section 851(a) regardless of whether or when the notice appeared upon the district court's docket sheet. *See, e.g.*, *id.* (notice and opportunity to be heard cure failure to docket until after guilty plea); *Butler*, 137 F. App'x at 816 (tendering notice to defendant in open court satisfies Section 851(a) even when notice did not appear upon the docket until after trial).

**2.**

Boudreau also challenges the district court's factual findings that the AUSA filed the Section 851(a) notice with the district clerk in court and that the clerk's office misplaced the original copy and thereby did not formally enter the notice on the docket. We review the factual determinations underpinning the district court's legal conclusions for clear error. *See United States v. Greer*, 532 F.3d 538, 546 (6th Cir. 2008). Boudreau can point to no facts to refute the district court's finding that the AUSA tendered the notice in open court. The transcript of the hearing clearly indicates that the AUSA intended to "file the original with the Court's Clerk." (Jury Selection Tr. at 8.) Judge

Steeh also recalled the AUSA's passing the information to the clerk present in court.**³** The district court's factual findings are clearly not erroneous.

As to Boudreau's contention regarding whether the district court clerk's office actually lost the original information and failed to enter the notice on the docket, we note that this issue is mooted by our holding above that Boudreau received all the notice that Section 851(a) requires. Whether the clerk's office mistakenly forgot to add the notice to the formal docket is irrelevant.

**III.**

For the foregoing reasons, we affirm the judgment of the district court and hold that on-the-record notice in open court combined with personal service upon the defendant prior to trial satisfies the requirements of Section 851(a) regardless of whether or when the notice appeared upon the district court's docket sheet.

---

**³**Contrary to the dissent's assertions, there is nothing improper about a district judge's recalling relevant past events that occurred in his own courtroom when ruling on a pending motion as long as the district judge also has allowed both parties adequate time to argue their positions. *Compare* Dissent at 1 *with Smith v. United States*, 348 F.3d 545, 554 (6th Cir. 2003) (refusing to remand the case to a different judge where the same judge presided over both the trial and the collateral attack upon the conviction because it is entirely appropriate for the "judge [to] rely on his or her memory of the trial when relevant to the issues" on review). Furthermore, neither party to this appeal raises the fact that the district judge cited to his own memory as error.

———————————

## DISSENT

———————————

CLAY, Circuit Judge, dissenting. It should be noted at the outset that this case is somewhat unusual in that the district court judge below acted both as a witness to the events in question *and* as the factfinder who assessed his own credibility and the reliability of his own memory (after a lapse of more than five years)—notwithstanding that any impartial observer would likely describe the district judge's version of events as entirely baseless. Indeed, there is a troubling aspect to the district judge's willingness to engage in factual assertions with such certainty in the complete absence of any indication that the events he describes ever occurred. It is unfortunate that the district judge did not refer this matter to another district judge who could have viewed the events in question with the benefit of a fresh set of eyes.[1]

The sole issue on appeal is whether the district court erred in finding that the government "filed" the information, as 21 U.S.C. § 851(a) requires the government to do before the court can enhance a defendant's sentence based on a prior drug conviction. Notwithstanding the narrow issue presented, the majority devotes much of its opinion to a discussion of unrelated cases that involve facts very different from those presented in this case. Further, in its analysis of the central issue, the majority makes only a conclusory assertion that the government filed the information. Despite the majority's unsupported conclusions, the record indicates that the government failed to file the information, and the district court's finding to the contrary was clearly erroneous.

———————————

[1]In footnote 3 of its opinion, the majority misconstrues the dissent's argument regarding the inappropriateness—under the rather unusual circumstances of this case—of the district judge's actions. Although it is not even clear from the record that the judge looked at the pertinent document during the hearing in question, the judge nonetheless acted as a factfinder on the issue of whether he remembered a specific document being handed to a deputy clerk during a hearing conducted in his courtroom over five years ago. Thus, contrary to the majority's assertions, the point being made here is not that it is inappropriate for a judge to rely on his own memory, but that there was no basis for the judge to do so under the circumstances of this case. Similarly, the majority's reliance on *Smith v. United States*, 348 F.3d 545 (6th Cir. 2003), is misplaced. *Smith* noted that a "habeas judge may rely on his or her memory of the trial when relevant to the issues on collateral review." *Id.* at 554. However, nothing in *Smith* or similar cases allows a district judge to rely upon his own recollection when there is no factual foundation for that recollection.

Because the district court lacked authority to impose the sentencing enhancement in question, I respectfully dissent from the majority opinion affirming Boudreau's sentence.

The majority first makes the erroneous assumption that because Boudreau had actual notice of the information and its content, the government complied with "all that due process and Section 851(a) require." Maj. Op. at 10. However, as other courts have recognized, "[e]ven when the defendant is not surprised by the enhanced sentence [and] was aware from the outset that his previous conviction could lead to an enhanced sentence, . . . the statute prohibits an enhanced sentence unless the government first seeks it by properly filing an information . . . ." *United States v. Weaver*, 905 F.2d 1466, 1481 (11th Cir. 1990). Consequently, contrary to the majority's suggestion, even if Boudreau had actual notice of the government's intent to seek a sentencing enhancement, the government did not comply with § 851(a) unless it "filed" the information.

Further demonstrating the mistaken nature of the majority's analysis, the cases the majority relies on do not involve a dispute concerning whether an original information was "filed," and therefore do not address the specific question at issue in this case—whether the government "filed" the information. For example, in *United States v. King*, 127 F.3d 483 (6th Cir. 1997), the government filed the information, but the information set forth an incorrect date of conviction with respect to the prior conviction on which the government sought to rely. *Id.* at 488. In addressing whether the government complied with § 851(a) despite this error, the court conducted a detailed review of two circuit cases addressing defective content—a lack of specificity of the prior conviction in *United States v. Gonzalez-Lerma*, 14 F.3d 1479, 1482 (10th Cir. 1994), and a failure to identify the correct enhancement provision in *United States v. Campbell*, 980 F.2d 245, 247 (4th Cir. 1992). The court reasoned that, under such circumstances, the "proper inquiry is whether the government's information provided the defendant 'reasonable notice of [its] intent to rely on a particular conviction and a meaningful opportunity to be heard.'" *King*, 127 F.3d at 488-89 (alteration in original) (quoting *Gonzalez-Lerma*, 14 F.3d at 1485). The court in *King* determined that the

district court erred in finding the information deficient because the defendant had reasonable notice regarding the possibility of an enhanced sentence. *Id.* at 489.

However, the reasoning employed by the court in *King* is inapplicable to the circumstances presented in this case. Boudreau does not argue that the government's information was deficient based on its content, or that the information failed to set forth with sufficient specificity the prior conviction invoked to enhance his sentence. Instead, Boudreau challenges an entirely separate requirement set forth in § 851(a)—that the government "file" the information. Consequently, whether the government provided Boudreau with "reasonable notice" is not the "proper inquiry" in determining whether the government complied with § 851(a).

The majority's reliance on *United States v. Pritchett*, 496 F.3d 537 (6th Cir. 2007), and *Weaver* is also misplaced. In both *Weaver* and *Pritchett*, the court excused an untimely filing of an information based on the fact that the defendants had actual notice of the information. In neither case, however, was there a dispute concerning whether the government had, in fact, "filed" the information. Similarly, in *United States v. Butler*, 137 F. App'x 813 (6th Cir. 2005), although the government did not file the information until the day after the trial had started, the information appeared on the court's docket, and neither party contested that the government had "filed" the information. *Id.* at 815. Accordingly, the majority's invocation of these cases is inappropriate and does not support the conclusion that the government complied with § 851(a)'s requirements in this case.

More significantly, the majority blithely ignores the lack of support for the district court's conclusion that the government "filed" the information. In reviewing the transcript of the pretrial hearing, it is evident that the district court's finding is clearly erroneous.

Section 851(a) does not define the term "file." Federal Rule of Criminal Procedure 49(d), however, defines filing for purposes of criminal cases. *Cf. United States v. Severino*, 316 F.3d 939, 945 (9th Cir. 2003) (noting that § 851(a) does not define service, but assuming that the definition of service in Rule 49(b) controlled).

Rule 49(d) states that filing in criminal actions must "be made in a manner provided for in a civil action." Fed. R. Crim. P. 49(d). Under the civil rules relevant at the time, Rule 5(e) provided that filing of papers "shall be made by filing . . . with the clerk of court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk . . . ." Fed. R. Civ. P. 5(e). Relying on Rule 5(e), the government argued that it "filed" the information by providing an original to the deputy clerk in open court. Boudreau acknowledges that "tendering the original §851 [sic] Notice to the courtroom deputy or the district court might have been sufficient filing." (Def.'s Reply Br. 8.) However, Boudreau appropriately argues, and I agree, that "there is no evidence that the Government tendered the original notice to the courtroom clerk or the district court for filing at all." (*Id.* at 5.)

Contrary to the majority's unsupported conclusion, there is no factual basis for the district court's finding that the information was filed. To conclude that the government filed the information, the district judge purported to rely on his own recollection and that of the assistant United States Attorney ("AUSA")—more than five years after the pretrial hearing—regarding the AUSA's actions and intentions during the pretrial hearing. However, neither the transcript of the pretrial hearing nor the testimony of Ms. Beauchemin, the deputy clerk present during the pretrial hearing, provide any factual support for the alleged recollection of the AUSA and the district judge that the AUSA handed the original information to the deputy clerk in open court.

Although the transcript from the pretrial hearing reveals that the AUSA provided a copy of the information to Boudreau, it does not indicate that the AUSA in fact provided an original information to the deputy clerk present in the courtroom. The AUSA's statements during the pretrial hearing do not indicate that the government presented an original information to the deputy clerk. In fact, the only relevant facts direct a finding that the AUSA's actions during the pretrial hearing did not constitute a "filing" of the information. Ms. Beauchemin testified that, had the AUSA provided her with an original information during the pretrial hearing, she would have delivered it to

the clerk's office for filing.  She also stated that if the AUSA had handed her only a copy rather than an original of the document, she would not have believed that the government intended for the copy to be filed.  It is undisputed that the clerk's office never docketed the filing of the information, and that the court's file did not contain an original information.  Accordingly, the record cannot support the finding that the government filed the information through its actions during the pretrial hearing.

Perhaps recognizing the lack of any evidence that would corroborate the government's assertion that the information was filed, the district court relied on the *absence* of any evidence of filing to conclude that the government filed the information.  The district court emphasized that Boudreau could not show that the government did *not* provide the deputy clerk with an original information.  In addition, the district judge noted that documents are sometimes lost by deputy clerks or the court, thereby speculating that such an error might have been the cause of the missing original information in this case.  Because the record lacks any evidence beyond the district court's unsupported assumption that the government provided an original information to the deputy clerk, the district court clearly erred in finding that the government "filed" the information.  The government obviously failed to comply with § 851(a)'s requirements, meaning that the district court lacked the authority to impose the enhanced sentence.  I therefore respectfully dissent from the majority's decision affirming Boudreau's sentence.