**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-2525

UNITED STATES OF AMERICA,

Appellee,

v.

MARC D. FOLEY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Lynch, Circuit Judges.

K. Hayne Barnwell for appellant.
Finnuala K. Tessier, Criminal Division, Appellate Section, U.S. Department of Justice, with whom Leslie R. Caldwell, Assistant Attorney General, Sung-Hee Suh, Deputy Assistant Attorney General, Carmen M. Ortiz, United States Attorney, and Victor A. Wild, Assistant United States Attorney, were on brief, for appellee.

April 10, 2017

**LYNCH**, **Circuit Judge**.  This is an appeal from a revised restitution order, following a limited remand by this court in defendant's earlier appeal.  This appeal is barred by the law-of-the-case doctrine.

In April 2015 this court in United States v. Foley (Foley I), 783 F.3d 7 (1st Cir. 2015), upheld the conviction of Marc Foley, a former real estate lawyer, for wire fraud and money laundering in connection with a massive mortgage fraud scheme involving material false and fraudulent statements made on HUD-1 forms, among others.  Id. at 10-11.  Foley had been sentenced to 72 months' imprisonment and 36 months of supervised release, and he was ordered to pay restitution to his victims.

In Foley I, defendant appealed from his conviction and from an order of restitution which ran in part to Taylor, Bean & Whitaker ("TBW") as a victim.  Id. at 27.  Necessarily, Foley took the position that the restitution order was final in order to take the appeal.  As to the majority of his wire fraud charges he argued then that there was insufficient evidence of misrepresentation (and so there were no victims as to those counts), id. at 12, and as to his sentence calculation he argued that loss to his victims was not foreseeable, id. at 23-25.  We rejected those arguments on their merits.  Further, we addressed the question of whether TBW was a victim to whom restitution might be owed.  Foley argued TBW was not the correct victim as to certain housing properties

that had been "foreclosed upon and bought by other entities."  <u>Id.</u> at 27-28.

Indeed, by agreement of the parties in <u>Foley I</u>, we remanded to the district court for resolution of factual disputes as to the status of particular properties, including whether restitution was in fact owed to TBW for the foreclosed-upon units. <u>Id.</u> at 27-28, 30.  On remand, the district court resolved those issues and by an amended judgment dated March 25, 2016, reduced the restitution award to TBW from $2,080,100 to $1,028,461.57.

Foley has now appealed from this revised restitution order.  In <u>Foley I</u>, Foley made arguments as to whether TBW was a victim, but not the arguments he now wishes to make in this second appeal.  He now argues that TBW cannot be Foley's victim because TBW is in bankruptcy, Foley was not a cause of that bankruptcy, intervening events disrupted any possible causal chain, TBW is not really a victim because TBW's chairman was convicted of fraud, and it is TBW's creditors who will receive any restitution payments, and they would get an undeserved windfall.[1]

The government correctly argues that Foley is barred from bringing these arguments by the law of the case because the arguments were all available to him at the time of his prior

---

[1]    We have also considered both Foley's and the government's letters filed pursuant to Federal Rule of Appellate Procedure 28(j).

- 3 -

appeal, he had incentives to make them, and the arguments should have been asserted then. The government also argues that if we were to reach them, Foley's new arguments have no merit. We agree with the government's first point that Foley is so barred -- and do not reach the second.

Foley clearly should have presented all of his arguments as to whether TBW was a victim in his first appeal. See United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993) ("The black letter rule governing this point is that a legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation, and the aggrieved party is deemed to have forfeited any right to challenge that particular decision at a subsequent date.").

As Foley concedes, he had the requisite information at the time of his earlier appeal: TBW was in bankruptcy proceedings, long before the district court entered its December 20, 2012 first restitution order and its original January 18, 2013 judgment, from which the prior appeal in Foley I was taken. TBW's chairman also had been convicted of fraud before the district court's entry of that initial order of restitution.

Foley attempts to avoid the law-of-the-case doctrine by arguing from the premise that the appealed-from order in Foley I was not final. He says that, at most, the district court had

entered a "provisional" order that restitution was payable to TBW, subject to a further government filing. Foley says that it must follow from that premise that he could not have raised on his first appeal the arguments he now makes. That is not so and nothing of the sort follows.

Our remand order required the district court to determine, based on the arguments then presented, which of two victims -- TBW or another entity -- was entitled to a restitution award as to two particular housing units. Foley I, 783 F.3d at 27-28. The remand was limited to precise issues, geared to the precise arguments then made. Nothing prevented Foley from making then the arguments he now sets forth that TBW was not a victim for various reasons related to its bankruptcy. Indeed, as noted, Foley's first appeal itself necessarily treated the initial restitution order as a final judgment.

Foley argues that the law of the case does not bar him from raising his arguments now because they were made "newly relevant" by our remand and he had no incentive to raise the arguments earlier. He relies on a misreading of United States v. Ticchiarelli, 171 F.3d 24, 32-33 (1st Cir. 1999). Nothing about our decision in Foley I made the issue of TBW's status as a victim "newly relevant" in the sense that the issue was not relevant before. That status was directly relevant to Foley I, and Foley

had both the opportunity and incentive to raise these arguments before us then.

The law-of-the-case doctrine precludes Foley from making these arguments now.  "It would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost." United States v. Adesida, 129 F.3d 846, 850 (6th Cir. 1997) (quoting Fogel v. Chestnutt, 668 F.2d 100, 109 (2d Cir. 1981)). That ends the matter.

Affirmed.