NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTORIA CAROLINA RAMIREZ-RUANO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1122<br><br>Agency No.<br>A099-581-936<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 23, 2023**
Seattle, Washington

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Petitioner Victoria Ramirez-Ruano ("Ramirez-Ruano") seeks review of the

Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ") decision on remand denying her claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

This is the second time this case has been before our court. Ramirez-Ruano, a citizen of Guatemala, suffered three acts of violence over a span of several years, all at the hands of a single individual who appears to have been a member of the 18th Street Gang. In each instance, she filed a police report but, to her knowledge, there was no investigation or arrest. She originally alleged that she was a member of three protected social groups: (1) Guatemalan women who are at risk of rape and murder, (2) witnesses who testify against gang members, and (3) persons taking concrete steps to oppose gang members. The agency denied her claims, concluding that she had suffered an indiscriminate act of violence and then individual retribution for reporting a crime.

In 2017, we denied Ramirez-Ruano's challenge relating to her proposed social group of Guatemalan women, but remanded a portion of the petition for the BIA to reconsider in light of our precedents in *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), and *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), noting that "witnesses who testify against gang members" and "persons taking concrete steps to oppose gang members" *may* constitute cognizable social groups, but that further fact-finding was required. *Ramirez-Ruano v. Sessions*, 683 F. App'x

646, 647–48 (9th Cir. 2017) (unpublished). The BIA further remanded these issues, specifically instructing the IJ to address only these potential grounds for asylum and withholding. Ramirez-Ruano submitted additional briefing and new documentary evidence.

The IJ again denied her claims, and the BIA affirmed.[1] However, Ramirez-Ruano's brief to this court does not contain any arguments challenging the analysis of the two proposed social groups that were the subject of the remand. Instead, it argues for her membership in the social group Guatemalan women. But this issue was previously raised and denied by our court; it was thus outside the scope of remand, and the BIA properly refused to address it. *See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1173 (9th Cir. 2006) (holding that the BIA is bound by the scope of this court's remand). Ramirez-Ruano has waived consideration of the

---

[1] With respect to the proposed social group of witnesses who testify against gang members, the BIA concluded that Ramirez-Ruano had not proffered evidence that filing a police report was sufficiently similar to testifying in court against a gang member. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242–43 (9th Cir. 2020). With respect to the second proposed social group, the BIA concluded that Ramirez-Ruano had failed to demonstrate sufficient particularity and distinction in Guatemalan society, noting she has "not established that members of Guatemalan society agree on what it means to 'concretely oppose' gangs or what degree of opposition makes one a member of this group." *See Garay Reyes v. Lynch*, 842 F.3d 1125, 1135 (9th Cir. 2016). The BIA declined to address her attempt to resurrect her claim for membership in the social group of Guatemalan women, because the denial had already been upheld by the Ninth Circuit and had not been part of the remand order.

other two social groups by not presenting any argument regarding them in her opening brief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011), *abrogated in part on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2011) (en banc). Accordingly, we deny the petition with respect to the asylum and withholding claims.

We also deny the petition regarding Ramirez-Ruano's CAT claim on the merits, as the record does not compel the conclusion that she is more likely than not to be tortured by or with the acquiescence of the Guatemalan government. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014). Although there is widespread violence in Guatemala, Ramirez-Ruano has not shown a particularized risk of torture in Guatemala with the acquiescence or willful blindness of a public official, particularly where the IJ permissibly found that she could relocate within the country to avoid the one individual she feared. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016); *Maldonado v. Lynch*, 786 F.3d 1155, 1162–64 (9th Cir. 2015) (en banc).

The stay of removal remains in effect until the mandate issues.

**PETITION DENIED.**